No. 13,771.

STATE OF LOUISIANA VS. PIERRE DUGGAN, ET ALS.

SYLLABUS.

1. Act 72 of 1898 amends R. S. 832 and prescribes the punishment for receiving stolen goods, knowing the same to be stolen, to be imprisonment, with *or without* hard labor, not exceeding two years.
2. A case, therefore, charging this offence is one of those that may, under Article 116 of the Constitution, be tried by a jury of five.

APPEAL from the Sixteenth Judicial District, Parish of St. Landry Lewis, J.

State vs. Duggan et als.

*Walter Guion,* Attorney General, and *R. Lee Garland,* District Attorney (*Lewis Guion,* of counsel), for Plaintiff, Appellee.

*Pavy & Ogden* for Defendants, Appellants.

The opinion of the court was delivered by

BLANCHARD, J.   In October, 1900, the district attorney filed a bill of information against Pierre Duggan, Poline Young, Joe Young, Theogene Fontenot and Willie Gray charging them, in one count, with the larceny of three hogs; in another count with feloniously receiving three hogs knowing the same to have been stolen.

The time of the commission of the offenses is laid in May 1900.

The first four of the parties named were jointly tried and the two Youngs convicted.   The other two were acquitted.

It appears that the case was tried by a jury of five.

After the trial judge had commenced to deliver his charge to the jury, his attention was called to the fact that there were two counts in the information.

On examination of the second count, charging reception of the stolen goods, and Section 832 of the Revised Statutes relating to that offense, he reached the conclusion that, under the statute, the penalty denounced for same was necessarily imprisonment at hard labor, and, therefore, as to that count the accused could not be tried by a jury of five, but must be tried by a jury of twelve.

Constitution of 1898, Art. 116.

Calling this to the notice of the district attorney, that official thereupon entered a *nolle prosequi* as to the second count.

The judge then charged the jury to disregard the evidence adduced in support of the second count and confine themselves in their consideration of the case to the first count and to the testimony applicable thereto.

The jury retired and shortly returned with a verdict of guilty as against the two Youngs and of acquittal as to Duggan and Fontenot.

A motion for new trial followed, setting out irregularities and grievances—all based on the theory that the charge embodied in the second count could not be tried except by a jury of twelve.

The motion was overruled and a bill of exception taken.

*Ruling*—The defense not objecting, it was permissible for the State to enter a *nolle prosequi* as to the second count at the time it was done. This left in the case only the offense charged in the first count, and the

verdict returned by the jury was responsive to and is held applicable only to that count.

But the judge and district attorney were in error in supposing that the offense charged in the second count is one where *necessarily* the punishment is imprisonment at hard labor.

They, at the time, overlooked the amendment of Section 832 of R. S. as contained in Act No. 72 of the Acts of 1898, approved July 11th of that year. This act prescribes the punishment for receiving stolen goods, knowing the same to be stolen, to be imprisonment, with *or without* hard labor, not exceeding two years.

So that the whole case against the accused—the offense charged in the second count as well as that charged in the first count—was one that could be tried before a jury of five, pursuant to the authority of Art. 116 of the Constitution.

There was, therefore, no necessity for the district attorney to have entered the *nolle prosequi* as to the second count in order to render the jury of five competent to sit on the case.

That entry having been made, however, it has resulted to the benefit and not the injury of the accused, and there is, hence, no ground for complaint on their part.

No sufficient reason appearing why the verdict and sentence should be set aside, the judgment appealed from is affirmed.